Serita Rios, SBN# 246568
Law Office of Serita Rios
P.O. Box 688
Fresno, CA 93712-688
Telephone (559) 224-1800
Facsimile (559) 224-1806
serita@seritarioslaw.com

Attorney for Defendant BILLY REO HOWARD

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　vs.<br><br>BILLY REO HOWARD,<br><br>　　　　　　　　　　Defendant. | Case No. 1:22-CR-00240-ADA-BAM<br><br>**AMENDED STIPULATION TO EXCLUDE TIME & CONTINUE STATUS CONFERENCE HEARING; AND ORDER**<br><br>Date: October 26, 2022<br>Time: 1:00 p.m.<br>Court: Hon. Barbara A. McAuliffe |

　　　　This matter is set for status conference on October 26, 2022. As set forth below, the parties now move, by stipulation, to continue the status conference hearing to January 11, 2023.

　　　　On May 26, 2021, the Court issued General Order 631, which provided for a reopening of the courthouse in June 2021, recognized the continued public health emergency, continued to authorize video or teleconference court appearances in various cases, and noted the court's continued ability under the Coronavirus Aid, Relief, and Economic Security (CARES) Act (the "Act") to continue trials and other matters, excluding time under the Act. On June 27, 2022, the Court issued General Order 652, which "authorized the use of videoconference and teleconference

**STIPULATION TO EXCLUDE TIME & CONTINUE STATUS CONFERENCE HEARING**

-1-

Delanotechnology in certain criminal proceedings under the in the Eastern District of California." This and previous General Orders highlight and were entered to address public health concerns related to COVID-19.

Although the General Orders address the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" §3161(h)(7)(A). *Id.* at 507. Moreover, any such failure cannot be harmless. *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—General Orders 611, 612, 617, 631 and 652 require specific supplementation. Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. §3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

The General Orders exclude delay in the "ends of justice." 18 U.S.C. §3161(h)(7). Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order

**STIPULATION TO EXCLUDE TIME & CONTINUE STATUS CONFERENCE HEARING**

a continuance in such circumstances. For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption. *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981). The court recognized that the eruption made it impossible for the trial to proceed. *Id.* at 767-68. The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, §3161(h)(7). If continued, this Court should designate a new date for the status conference. *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

## STIPULATION

Defense Counsel, Serita Rios, and Assistant United States Attorney, Laurel Montoya, hereby stipulate as follows:

1. By previous order, this matter was set for a status conference hearing on October 26, 2022.

2. Through this stipulation, defendant moves to continue the status conference hearing until January 11, 2023, and to exclude time between October 26, 2022, and January 11, 2023.

3. The parties agree and stipulate, and request that the Court find the following:

   a. Counsel for defendant desires additional time to obtain and review discovery, consult with defendant, conduct investigation and to discuss potential resolution with the government.

    b. Counsel for defendant believes that failure to grant the above-requested continuance would deny them the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

    c. The government does not object to the continuance.

    d. In addition to the public health concerns cited by General Orders 611, 612 and 617 presented by the evolving COVID-19 pandemic, an ends-of-justice delay is particularly apt in this case because counsel or other relevant individuals have been encouraged to telework and minimize personal contact to the greatest extent possible. It will be difficult to avoid personal contact should the hearing proceed. For these reasons, the court has encouraged the parties to enter this stipulation.

    e. Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

    f. For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. §3161, et seq., within which trial must commence, the time period of October 26, 2022 to January 11, 2023, inclusive, is deemed excludable pursuant to 18 U.S.C.§3161(h)(7)(A) because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

  4. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

  **IT IS SO STIPULATED.**

**STIPULATION TO EXCLUDE TIME & CONTINUE STATUS CONFERENCE HEARING**

Dated: October 17, 2022

/s/ Serita Rios

**Serita Rios**
Attorney for Defendant

Dated: October 17, 2022

/s/ Laurel Montoya

**Laurel Montoya**
Assistant U.S. Attorney

---

### ORDER

IT IS SO ORDERED that the status conference is continued from October 26, 2022, to **January 11, 2023, at 1:00 p.m. before Magistrate Judge Barbara A. McAuliffe**. Time is excluded pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv).

IT IS SO ORDERED.

Dated:   **October 17, 2022**          /s/ Barbara A. McAuliffe
UNITED STATES MAGISTRATE JUDGE